The Walter A. Wood Mowing and Reaping Machine Co. *v.* Field.

Filed Nov. 21, 1893.

———————◆———————

No. 734.

THE WALTER A. WOOD MOWING AND REAPING MACHINE COMPANY *v.* FIELD.

ASSIGNMENT OF ERRORS.—*Joint Assignment.*—*Admitting Sufficiency of One Ground of Error.*—*Effect.*—Where an appellant assigns as error that the answers of appellee do not state facts sufficient to constitute a defense to appellant's complaint, and, also, in another assignment, avers that the overruling of appellant's demurrer to the second, third, and fifth paragraphs of answer, and then concedes the sufficiency of the second paragraph of answer, no question is presented by such assignments.

PLEADING.—*Answer, Sufficiency of.*—*Demurrer.*—*Warranty, Breach of.*—*Promissory Note.*—In an action on a promissory note given as evi-

The Walter A. Wood Mowing and Reaping Machine Co. *v.* Field.

dence of the purchase price of a reaping machine, an answer setting up a warranty that the machine was made of good material and would do good work when properly managed, and alleging a breach thereof, is sufficient on demurrer, although the allegations are not full and specific.

INSTRUCTIONS TO JURY.—*Erroneous Instruction.—Warranty.—Breach of. —Machine.—*Where a machine is warranted to do good work when properly managed, an instruction to the jury that if, on fair trial, the machine could not be made to "work profitably and successfully," it did not comply with the warranty, and the buyer might refuse to pay for it, is erroneous.

From the Orange Circuit Court.

*W. F. Townsend, J. Wilhelm* and *T. B. Buskirk,* for appellant.

DAVIS, J.—The appellee executed his note to appellant as evidence of the purchase-price for a reaping machine. An action on this note resulted in a judgment in the court below in favor of appellee.

The errors assigned by appellant in this court are:

"*First.* The answers of the appellee do not state facts sufficient to constitute a defense to plaintiff's (appellant's) complaint.

"*Second.* The court erred in overruling appellant's demurrer to the second, third, and fifth paragraphs of appellee's answer and cross-complaint.

"*Third.* The court erred in overruling appellant's demurrer to amended fourth paragraph of appellee's answer to appellant's complaint.

"*Fourth.* The court erred in sustaining appellee's demurrer to the second paragraph of appellant's reply to the fourth paragraph of appellee's answer.

"*Fifth.* The court erred in overruling appellant's motion for a new trial."

It is conceded that the second paragraph of the answer states facts sufficient to withstand the demurrer, and,

therefore, no question is presented for our consideration by either the first or second errors assigned.

The amended fourth paragraph of the answer, which alleges, in substance and effect, that the machine in question was warranted by appellant to be well made, of good material, and that with proper management it would do good work, and which further avers that the machine was not, in certain particulars, well made, of good material and would not, with proper management, do good work, is not a model pleading and is not, in some respects, so full and specific as it ought to be, yet in our opinion it is not insufficient on demurrer.

The reply thereto was an argumentative general denial, and there was no error in sustaining the demurrer thereto.

We have not been favored with a brief in behalf of appellee, but we have carefully read the entire record. While it is true that the evidence is not on some points clear and satisfactory, this court will not attempt to review or weigh it. The instructions in the main are correct statements of the law applicable to the evidence under the issues, but in one instruction, which is not modified or withdrawn in any other instruction the court said, in substance and effect, to the jury, that if, on a fair trial, the machine could not be made to "work profitably and successfully," it did not comply with the warranty, and the buyer might refuse to pay for it. This instruction is erroneous. The machine was not warranted to work "profitably." It was, in this respect, only warranted "to do good work with proper management." If it did this, the requirements of the warranty were fulfilled.

If it did good work, in compliance with the terms of the warranty, this was certainly sufficient, although the work so done may not have been profitable to appellee.

We can not, under the circumstances of this case, say that the instruction was not misleading and harmful.

Judgment reversed, with costs.

Filed Nov. 21, 1893.